# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DENZELL OMAR DAVIS,<br><br>    *Defendant.* | CRIMINAL ACTION NO.<br>3:25-cr-00004-TES-CHW-1 |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Denzell Omar Davis's Unopposed Motion to Continue Pretrial Conference [Doc. 22]. The government does not oppose this continuance. [Doc. 17, p. 2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On February 11, 2025, the Grand Jury returned a one-count Indictment [Doc. 1] charging Defendant Davis with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 25, 2025, Defendant Davis was arraigned, pled not guilty, and was ordered detained pending trial. [Doc. 15]; [Doc. 20].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant

>charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A).

Defendant Davis requests a continuance so that he has more time to review the discovery for his case. [Doc. 22, p. 1]. The Court finds that granting a continuance serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. *See id.* Specifically, failure to grant this continuance would deny Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). For this reason, the Court **GRANTS** Defendant Davis's Unopposed Motion to Continue Pretrial Conference [Doc. 22]. The Court **CONTINUES** the Pretrial Conference until **November 12, 2025**, and **CONTINUES** the trial of this matter until **December 15, 2025.** The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 27th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
